**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Hope Stevenson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Branch Banking and Trust Company a/k/a and d/b/a BB&T,<br><br>　　　　Defendant. | Case No.:<br><br><br>**COMPLAINT<br>WITH JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1.　Plaintiff, Hope Stevenson, is a natural person who resides in Gwinnett County, Georgia.

2. Defendant, Branch Banking and Trust Company a/k/a and d/b/a BB&T, is a corporation formed under the laws of the State of North Carolina and registered to business in the State of Georgia. Defendant may be served with process via its registered agent, C T Corporation System, at 1201 Peachtree Street NE, Suite 1240, Atlanta, Georgia 30361.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in

the Atlanta Division because the conduct complained of herein occurred in Gwinnett County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is the subscriber for the cellular telephone with the number 678-***-3739 (the "Cell Phone").

8. Beginning no later than March 30, 2016, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect an alleged consumer debt owed by the Plaintiff.

9. Defendant alleged in its calls to Plaintiff that she owed "over-draft charges" and that it was calling to collect on those charges to her account with Defendant.

10. Defendant later discovered that the charges it was calling to collect from Plaintiff were, in fact, erroneously attributed to her account. As such, Plaintiff did not owe any charges to Defendant, rendering its calls invalid as to its purpose of debt collection.

11. Defendant's calls to Plaintiff were made from phone number 888-765-1808.

12. The phone number set forth in Enumeration 11 is a number that is utilized by, under the control of, or belongs to Defendant.

13. Between March 30, 2016 and the date of this filing, Plaintiff has received at least thirty eight (38) similar calls from Defendant.

14. When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

15. Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

16. Plaintiff never provided consent for Defendant to call her on her Cell Phone.

17. To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent no later than April, 2016.

18. Additionally, Plaintiff caused to be sent a "Cease and Desist" letter to Defendant on May 5, 2016 via USPS Certified Mail, tracking number 9171 9690 0935 0118 2980 99. USPS delivered the letter to Defendant on May 9, 2016.

19. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

20. Despite Plaintiff's clear revocation of consent for Defendant to contact her, Defendant placed at least nine (9) additional calls to Plaintiff's Cell Phone after the delivery of her "Cease and Desist" letter.

21. Defendant's calls to Plaintiff had no emergency purpose.

22. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

23. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

24. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

25. Plaintiff carries her Cell Phone at most times to be accessible to her family, friends, and medical providers as she was in treatment for cancer during the time-period relevant to this action. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends.

26. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in her cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"), emotional distress—including frustration and aggravation—in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

27. Additionally, Defendant has caused Plaintiff general damages, as Plaintiff suffers from Post-Traumatic Stress Disorder, anxiety, and depression, all of which have been exacerbated by Defendant's repeated, harassing phone calls. Likewise, Plaintiff was diagnosed with breast cancer in December, 2015 and was scheduled to undergo a double mastectomy in June, 2016, all of which was made known to Defendant and all of which it disregarded in its efforts to harass and intimidate Plaintiff.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

29. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully stated herein.

30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

31. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

33. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)

34. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully stated herein.

35. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

36. It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly, without consent, for the purpose of attempting to collect a debt although Defendant had actual knowledge that Plaintiff did not owe a debt to Defendant.

37. It was unfair for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

38. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

39. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

40. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

41. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and is done on a wide scale.

42. Defendant's conduct amounts to an unfair business practice.

43. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

44. Plaintiff sent a written demand for relief to Defendant, in accordance with O.G.C.A. § 10-1-399(b), on June 9, 2016, via USPS Certified Mail, tracking number 9171 9690 0935 0132 8941 09, and USPS delivered Plaintiff's written demand to Defendant on June 14, 2016. Defendant rejected that demand.

45. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

46. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

47. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

48. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

49. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) Actual damages;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 20th day of July, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorney*